UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KRISTIE OBENAUF AND
ANTONY TYLER,

*Plaintiffs,*

*v.* Case No. 2:26-cv-1869

CITY OF DELAVAN, FRANK FUSCO, AND
MICHAEL VO,

*Defendants.*

---

**COMPLAINT**

---

Plaintiffs Kristie Obenauf and Antony Tyler, by their attorneys, Strang Bradley, LLC, for their complaint against Defendants City of Delavan, Frank Fusco, and Michael Vo, state:

**INTRODUCTION**

1. This civil rights lawsuit is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of law, of Obenauf and Tyler's constitutional right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

2. Kristie Obenauf lives in Delavan with her son Antony Tyler.

3. She had obtained a domestic violence temporary restraining order against her husband.

4. On September 29, 2026, Frank Fusco and Michael Vo, City of Delavan police officers, helped Obenauf's husband break into Obenauf and Tyler's home.

5. After unlawfully entering the home, Fusco and Vo unlawfully seized Obenauf and Tyler.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), and the state law indemnification claim under 28 U.S.C. § 1367(a).

7. Venue is proper under 28 U.S.C. § 1391(b)(1)–(2). Defendant City of Delavan is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

8. Plaintiffs Kristie Obenauf and Antony Tyler are adult residents of Walworth County, Wisconsin.

9. Defendant City of Delavan is a political subdivision of the state of Wisconsin and is or was the employer of Fusco and Vo and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

10. At all relevant times, Fusco was employed as a police officer with the City of Delavan.

11. At all relevant times, Fusco acted within the scope of his employment with the City of Delavan.

12. At all relevant times, Fusco acted under color of state and local law.

13. At all relevant times, Vo was employed as a police officer with the City of Delavan.

14. At all relevant times, Vo acted within the scope of his employment with the City of Delavan.

15. At all relevant times, Vo acted under color of state and local law.

## FACTS

16. On September 28, 2026, a Walworth County Circuit Court granted Obenauf a temporary restraining order against her husband.

17. The order prohibited her husband from contacting Obenauf or coming to her home.

18. Also on September 28, 2026, Defendant Officer Vo accompanied Obenauf's husband to her home so he could retrieve some of his personal property.

19. Another member of the Delavan Police Department told Obenauf that if her husband came to her home again, she should call the police, and they would arrange for the Walworth County Sheriff's Office to serve Obenauf's husband with the temporary restraining order.

20. On September 29, 2026, Obenauf's husband again showed up at her home. She and her son, Antony, were home.

21. Obenauf called the police.

22. The police dispatched Defendant Officers Fusco and Vo to the home.

23. Fusco confirmed that a temporary restraining order was in place against Obenauf's husband.

24. Fusco ordered Obenauf to let her husband inside so he could retrieve his property again.

25. Obenauf said no and called the Walworth County Sheriff's Office.

26. The sheriff's office said they could be there in a few hours, so the husband should come back later so he could be served.

27. That was agreeable to Obenauf.

28. Fusco disregarded the sheriff and again ordered Obenauf to let her husband into her home.

29. Fusco told Obenauf he would arrest her if she didn't open the door.

30. Obenauf closed the door and went to put shoes on in case she was arrested.

31. Obenauf was a lawful occupant of the home and expressly refused the officers' consent to enter.

32. Fusco told Obenauf's husband to kick the door in, and he did.

33. Fusco and Obenauf's husband then entered the home.

34. Fusco lacked Obenauf's consent to enter the home.

35. Fusco lacked a warrant.

36. No other exception to the warrant requirement applied.

37. Fusco and Vo entered the home with Obenauf's husband.

38. Vo immediately escalated and started yelling at Obenauf and Tyler.

39. Once inside, Fusco and Vo began giving Obenauf and Tyler orders.

40. Fusco and Vo prevented Tyler from going upstairs.

41. Fusco and Vo made Obenauf stand in the living room.

42. Vo yelled to Tyler that he was going to "call his agent," even though Tyler is not on any type of community supervision.

43. Vo threatened to arrest Tyler.

44. Fusco took Obenauf's husband upstairs.

45. Vo stayed downstairs to prevent Obenauf and Tyler from moving freely in their own home.

46. Obenauf again told Vo that they weren't welcome in her home.

47. Fusco came down the stairs and yelled, "Enough is enough! Otherwise we'll escort you out of the house now! That's enough!"

48. Fusco then went back upstairs.

49. Vo incorrectly told Obenauf that her husband was allowed to kick down the door because he hadn't been served yet.

50. Vo, Fusco, and Obenauf's husband eventually left the home.

**COUNT 1:**
**42 U.S.C. § 1983 Claim for Unlawful Home Entry**

51. Plaintiffs reallege the above paragraphs.

52. Fusco and Vo unreasonably entered Obenauf and Tyler's home without valid consent, a warrant, or an exception to the warrant requirement.

53. Fusco directed Obenauf's husband to force the door.

54. Both Fusco and Vo knew a court had ordered Obenauf's husband away from the home.

55. The entry would not have occurred without Fusco's order.

56. Fusco and Vo acted under color of law.

57. Fusco and Vo thus violated Obenauf and Tyler's Fourth Amendment rights.

58. As a direct and proximate result of Fusco and Vo's unlawful actions, Obenauf and Tyler suffered damages, including loss of liberty, emotional distress, humiliation, invasion of privacy, and physical pain and suffering.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiffs demand actual or compensatory damages against Fusco and Vo and, because they acted in reckless disregard for Plaintiffs' rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT 2:**
**42 U.S.C. § 1983 Claim for Unlawful Seizure Inside Home**

59. Plaintiffs reallege the above paragraphs.

60. Fusco and Vo unreasonably seized Obenauf and Tyler in their home without a warrant, probable cause, reasonable suspicion, or any lawful reason.

61. Fusco and Vo acted under color of law.

62. Fusco and Vo thus violated Obenauf and Tyler's Fourth Amendment rights.

63. As a direct and proximate result of Fusco and Vo's unlawful actions, Obenauf and Tyler suffered damages, including loss of liberty, emotional distress, humiliation, invasion of privacy, and physical pain and suffering.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiffs demand actual or compensatory damages against Fusco and Vo and, because they acted in reckless disregard for Plaintiffs' rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT 3:**
**Indemnification Claim Against City of Delavan**

64. Plaintiffs reallege the above paragraphs.

65. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

66. At all times relevant to this action, Fusco and Vo engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the City of Delavan.

WHEREFORE, Plaintiffs ask this Court to find that the City of Delavan is required to defend this action against Fusco and Vo and to satisfy any judgment entered against them, by virtue of WIS. STAT. § 895.46.

**COUNT 4:**
**42 U.S.C. § 1983 *Monell*[1] Claim Against City of Delavan**

67. Plaintiffs reallege the above paragraphs.

68. A day after Fusco and Vo unreasonably entered Obenauf and Tyler's home and unreasonably detained them, City of Delavan Police Chief Jim Hansen authorized a press release.

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

69. The press release did not say that the officers acted unreasonably and implied that they followed City of Delavan policies.

70. Upon information and belief, Fusco and Vo followed City of Delavan policies when they entered Obenauf and Tyler's home.

71. The City of Delavan has a policy allowing police officers to unreasonably enter homes and detain homeowners within their homes.

72. The City of Delavan failed to adequately train, supervise, and discipline its employees.

73. The City of Delavan ratified Fusco and Vo's unconstitutional actions.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiffs demand actual or compensatory damages against the City of Delavan and, because it acted in reckless disregard for Plaintiffs' rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: October 7, 2026,

STRANG BRADLEY, LLC
Attorneys for Plaintiffs

/s/ R. Rick Resch
John H. Bradley
Wisconsin Bar No. 1053124
R. Rick Resch

Wisconsin Bar No. 1117722
William E. Grau
Wisconsin Bar No. 1117724
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com